IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| SWEELY HOLDINGS, LLC,<br><br>    *Plaintiff,*<br><br>v.<br><br>SUNTRUST BANK,<br><br>    *Defendant.* | CIVIL NO. 3:15CV00003<br><br><br><u>MEMORANDUM OPINION<br>AND ORDER</u><br><br><br>JUDGE NORMAN K. MOON |

**I.**

Because Defendant, SunTrust Bank, is a citizen of the State of Georgia, and the amount in controversy in the matter exceeds $75,000, Defendant removed this case here from a Virginia state court, based on diversity jurisdiction. Plaintiff, Sweely Holdings, LLC, now moves "for an order quashing the Notice of Removal filed in this case by a third party and dismissing this action pursuant to FRCP 12(h)(3), or in the alternative remanding this matter to the Circuit Court for Madison County on the following grounds" (paragraph numbering and citations omitted):

> The named defendant in the state court action is "SunTrust Bank, A Virginia Banking Corporation" described in the Complaint as "an unauthorized Virginia banking corporation that transacted business with Sweely Holdings in 2010 and 2011 in Madison County, Virginia."
>
> The Contract upon which this lawsuit is based is between Sweely Holdings and "SunTrust Bank, A Virginia Banking Corporation."
>
> The party that filed the Notice of Removal is "SunTrust Bank, a Georgia banking corporation," which is not a named defendant in the state court action. The Notice of Removal and all subsequent filings have a different caption that the style of the state court action, which is *Sweely Holdings, LLC v. SunTrust Bank, A Virginia Banking Corporation*.

> Only a defendant may remove a state court action under 28 U.S.C. 1441(a) and 1446(a).
>
> SunTrust Bank, a Georgia banking corporation is not a defendant and the filing of a Notice of Removal by this entity is improper and legally ineffective. The Notice of Removal offers no explanation as to why it, and not the named defendant, has appeared and made various filings.
>
> The named defendant did not file a Notice of Removal or join in the Notice of Removal. Further, the named defendant has not filed an appearance or responsive pleadings in the state court and is, therefore, in default pursuant to Rule 3:19 of the Rules of the Supreme Court of Virginia.

Plaintiff has submitted a notice that the motion "is ripe for a decision on the merits and that neither party requests a hearing on this Motion."

As Plaintiff's motion relies on little more than semantics, it must be denied.

## II.

Plaintiff relies on an incorrect description of SunTrust Bank as a Virginia entity in one of a series of commercial lending documents between Plaintiff and SunTrust. However, in the other lending documents at issue, SunTrust is correctly described as "a Georgia banking corporation." As stated in its notice of removal,

> SunTrust is a Georgia banking corporation, chartered and organized under the laws of the State of Georgia, with its principal place of business and nerve center located in Atlanta, Georgia. As a result, SunTrust is a citizen of the State of Georgia. *See*, Affidavit of William W. Teegarden [a senior vice president of SunTrust] attached hereto as Exhibit C and incorporated herein by reference explaining, among other things, that SunTrust's high level officers direct, control and coordinate SunTrust's activities from Atlanta, Georgia. *See Hertz Corp. v. Friend*, 559 U.S. 77, 80-81 (2010) (holding that for diversity, a corporation's principal place of business is its "nerve center"); *Hoschar v. Appalachian Power Co.*, No. 12-2482 (4th Cir. Jan. 7, 2014) (finding defendant's nerve center to be located in Columbus, Ohio despite website references to its headquarters as Charleston, West Virginia); *see also Garfield v. SunTrust Bank*, 477 F. Supp. 2d 1177 (S.D. Fla. 2006) (concluding that the nerve center of SunTrust Bank is located in Georgia).

A court is not bound by the conclusory allegations in a party's pleadings when addressing jurisdiction. Despite the allegations in the complaint, SunTrust is not a Virginia banking corporation. "When ascertaining the diversity of the parties for jurisdictional purposes, courts are not bound to give blind deference to the pleadings, but instead may determine whether diversity jurisdiction is proper by looking to the real parties in interest." *Ryan Enviro., Inc. v. Hess*, 718 F. Supp. 2d 719, 722 (N.D. W. Va. 2010) (citing *17th Street Associates, LLP v. Markel Intern. Ins. Co. Ltd.*, 373 F. Supp. 2d 584, 594-95 (E.D. Va. 2005) (quoting *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 460-61 (1980))).

Plaintiff has presented no facts to controvert SunTrust's removal papers, which incorporate documentation (the affidavit of a senior vice president of SunTrust and SunTrust Bank's Articles of Incorporation, both of which were submitted in support of the notice of removal) showing that "SunTrust Bank is a Georgia banking corporation, chartered and organized under the laws of the State of Georgia, with its principal place of business located in Atlanta, Georgia," and that "a majority of the corporate officers of SunTrust Bank (including its Chairman and Chief Executive Officer, Chief Risk Officer, and Chief Financial Officer) are located in Georgia, and significant corporate decisions and policies are made in Georgia." Accordingly, I conclude that SunTrust, a Georgia banking corporation, is both (a) the banking institution that entered into the commercial loan transaction that is at dispute in this case and (b) the entity that responded to Plaintiff's complaint.[*]

---

[*] In support of its response in opposition to the motion, Defendant included exhibits indicating that, at the time Plaintiff filed its complaint, the Virginia State Corporation Commission, which maintains publicly accessible electronic records of those entities authorized to transact business in the Commonwealth of Virginia, identified the only entity operating under the trade name of "SunTrust Bank" as delinquent in the payment of its annual registration fees. Thus, Plaintiff's allegation that SunTrust is an "unauthorized" banking corporation. (Defendant notes that the fee was subsequently paid, and that it is now listed as active
(continued...)

## III.

For these reasons, Plaintiff's "MOTION TO QUASH THE NOTICE OF REMOVAL AND DISMISS PURSUANT TO FRCP 12(H)(3) OR IN THE ALTERNATIVE REMAND" (docket no. 8) is **DENIED**.

It is so **ORDERED**.

The Clerk is further **DIRECTED** to send a certified copy of this memorandum opinion and order to all counsel of record.

Entered this \_\_13th\_\_ day of March, 2015.

*Norman K. Moon*
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE

---

[*](...continued)
and in good standing.)
    Significantly, however, those same records described SunTrust as a "Foreign Corporation," and identify its jurisdiction of formation as the State of Georgia.